**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DEREK WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-02283-JPG |
| | ) | |
| JACKSON COUNTY JAIL, | ) | |
| CONNIE FAULKENBERRY, | ) | |
| and DR. COOPER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Derek Woods brings this action pursuant to 42 U.S.C. § 1983 for constitutional

deprivations that occurred during his detention at Jackson County Jail ("Jail"). Plaintiff claims

that he was denied medical care for high blood sugar and diabetes by Jail medical staff. (Doc. 1,

p. 3). As a result, he suffered injuries and seeks monetary relief. (*Id*. at 7).

This matter is before the Court for preliminary review of the Complaint under 28 U.S.C.

§ 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious

claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious,

fails to state a claim for relief, or asks for money damages from a defendant who is immune from

such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

The Complaint spans 89 pages and consists primarily of medical records and grievance

documents. (Doc. 1, pp. 1-89). Plaintiff sets forth his statement of claim on a single page. (*Id*. at

3). There, Plaintiff alleges that he was denied medical care for his diabetes at the Jail. Plaintiff

informed Nurse Faulkenberry of his diagnosis with diabetes and his symptoms of high blood sugar.

1

He submitted written requests for treatment several times between December 19-22, 2021. In response, Nurse Faulkenberry told Plaintiff that he would meet with the doctor, but this never occurred. Left untreated, Plaintiff's high blood sugar caused him to become dizzy and pass out in the shower. He fell and hit his head. Plaintiff was taken to a hospital emergency room for treatment of his injuries. After he returned to the Jail, Nurse Faulkenberry failed to give him the prescribed medication or course of treatment. Plaintiff names Nurse Faulkenberry, Dr. Cooper, and Jackson County Jail for his injuries. (*Id*.).

### Discussion

Based on the allegations, the Court finds it convenient to designate a single count in the *pro se* Complaint:

> **Count 1:** Defendants denied Plaintiff adequate medical care for his diabetes and related high blood sugar on or around December 19-22, 2021, in violation of his rights under the Eighth or Fourteenth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

Plaintiff does not indicate whether he was a convicted prisoner or a pretrial detainee when his claims arose. The applicable legal standard for this claim depends on his status. *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*, 909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of denied medical care brought by prisoners (*i.e.*, Eighth Amendment) and pretrial detainees (*i.e.*, Fourteenth Amendment) under 42 U.S.C. § 1983).

To state a claim under the Eighth Amendment, a convicted prisoner must set forth

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

allegations demonstrating that he suffered from a serious medical need (objective standard) and that each defendant responded to it with deliberate indifference (subjective standard).  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  To articulate a claim under the Fourteenth Amendment, a detainee must show that the "defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling" of his serious medical need and also show that each defendant's conduct was "objectively unreasonable."  *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted).  Regardless of which standard applies, Count 1 survives screening against Nurse Faulkenberry, who was aware of Plaintiff's diabetes and high blood sugar and still took no steps to treat him in December 2021.

Count 1 does not survive screening against Doctor Cooper.  Plaintiff sets forth no allegations against this defendant and does not describe his role in the denial of medical care for his diabetes.  Plaintiff merely indicates that the doctor supervised the two nurses on staff at the Jail.  Section 1983 liability is direct, not vicarious.  This means that "supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly."  *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  "Only someone personally responsible in a constitutional violation can be held liable under . . . § 1983."  *Wojcik v. Cook Cnty.*, 803 F. App'x 25, 27 (7th Cir. 2020) (citations omitted).  Because the allegations show no personal involvement in a constitutional deprivation, Dr. Cooper shall be dismissed without prejudice.

Count 1 does not survive § 1915A review against the Jail, either.  The Jail is not a "person" or a "state actor" subject to suit under Section 1983.  Pursuant to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued.  *See* FED. R. CIV. P. 17(b).  Under Illinois law, the county jail is not considered a suable entity.  *Isaacs v. St. Clair Cnty. Jail*, No. 08-0417-

DRH, 2009 WL 211158, at *3-4 (S.D. Ill. Jan. 29, 2009); *Hedger v. Wexford*, No. 18-cv-2081-JPG, 2019 WL 117986, at *2 (S.D. Ill. Jan. 7, 2019).  Accordingly, Count 1 shall be dismissed with prejudice against Jackson County Jail.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice.  A district court may recruit an attorney to represent a plaintiff who is unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1).  When presented with a request for counsel, the Court asks whether (a) the indigent plaintiff made a reasonable attempt to obtain counsel or was effectively precluded from doing so; and (b) given the difficult of the case factually and legally, does the plaintiff appear competent to litigate it himself.  *Dorsey v. Varga*, -- F.4 --, 2022 WL 17688525, at *7 (7th Cir. Dec. 22, 2022) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (citation omitted)).  Plaintiff has not demonstrated that he is indigent.  He paid the filing fee for this action in full on October 21, 2022.  He also filed a motion for leave to proceed *in forma pauperis* that fails to allege of demonstrate any indigence.  (Doc. 4).  At the same time, Plaintiff has also failed to demonstrate his inability to represent himself.  On the contrary, his complaint articulates a single, straightforward claim against the nurse and survives screening against this defendant.  By all indications, Plaintiff is capable of representing himself.  The motion is **DENIED.**

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** against **NURSE CONNIE FAULKENBERRY** will receive further review.  However, **COUNT 1** against **JACKSON COUNTY JAIL** is **DISMISSED** with prejudice and against **DR. COOPER** is **DISMISSED** without prejudice for failure to state a claim for relief against this defendant.

4

**The Clerk's Office is DIRECTED to TERMINATE Dr. Cooper and Jackson County Jail as defendants in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendant **NURSE CONNIE FAULKENBERRY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution**.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/21/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve the defendant with a copy of your complaint.  After service has been achieved, the defendant will enter his or her appearance and file an Answer to your complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more.  When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before defendant's counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.