UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEREK WOODS,

    Plaintiff,

v.

JACKSON COUNTY JAIL, et al.,

    Defendants.

Case No. 3:22-cv-2283-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion to amend or correct the defendant's answer to plaintiff's complaint, (Doc. 32), and a motion to subpoena medical records filed by the plaintiff. (Doc. 33). The defendant, Connie Faulkenberry, filed her motion to amend on August 6, 2024, and the plaintiff, Derek Woods, filed his motion for a subpoena on August 19, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the defendant's motion to amend or correct her answer to the complaint and **RESERVES RULING** on the plaintiff's motion to subpoena his medical records.

Beginning with the defendant's motion to amend their answer, (Doc. 33), usually, a defendant must raise all available defenses they wish to assert in their first answer or responsive pleading, otherwise those defenses are waived. However, there are some defenses that may be raised following the initial response but not before trial has concluded; failure to exhaust administrative remedies is one such objection.

> The defendant must raise the defense of failure to exhaust administrative remedies specifically and with particularity . . . or he waives it . . . . However, a defendant's failure to raise the defense *in his initial answer or in a motion to dismiss* is not necessarily fatal to the defense. Under liberal federal pleading amendment standards, a court may allow a defendant to amend its answer to add with the requisite specificity the failure to exhaust affirmative defense and thereby to properly bring the defense before the court.

1

*Hall v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local Union 143*, 188 F. Supp. 2d 1013, 1018 (S.D. Ill. Sep. 13, 2001) (internal citations omitted) (emphasis in original). As defendants' motion comes long before trial, it is their first motion to amend, the motion has not been opposed, and there is no evidence of bad faith; the Court will grant the motion to amend or correct their response accordingly.

Woods is now in custody. His medical records are ostensibly being held by the Jackson County and Williamson County jails, and those documents are essential to pursuing his claims. However, the plaintiff is responsible for filling out the subpoena forms and then submitting those to the Court for review. Until then, the Court will not issue the subpoenas.

## CONCLUSION

The Court **GRANTS** defendant's motion to amend or correct their answer, (Doc. 32), and **RESERVES RULING** on the plaintiff's motion for the issuance of a subpoena. (Doc. 33). The Clerk of Court is hereby **DIRECTED** to mail two (2) copies of the Subpoena in a Civil Case form, and a copy of the *Pro Se* Litigant Guide, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS *PRO SE* LITIGANT GUIDE (U.S. Dist. Ct. S.D. Ill. Off. Ct. Clerk, 2023), to Plaintiff Woods alongside this order.

Woods is **ADVISED** to review the *Pro Se* Litigant Guide, as well as the Local Rules for the U.S. District Court for the Southern District of Illinois, available on the Court's website at: https://www.ilsd.uscourts.gov/local-court-rules (last visited Aug. 29, 2024).

**IT IS SO ORDERED.**
**DATED:  September 17, 2024**

                                                     *s/ J. Phil Gilbert*
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**